J-S27034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EFRAIN DONES, | |
| Appellant | No. 1687 MDA 2015 |

Appeal from the Judgment of Sentence August 26, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000446-2015

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 06, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County following Appellant's open guilty plea to the charge of carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1). In addition to this appeal, Appellant's counsel has filed a petition to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The relevant facts and procedural history are as follows: On May 28, 2015, Appellant, who was represented by the Public Defender's Office, appeared before the Honorable Vito P. Geroulo and pled guilty to the sole charge indicated *supra*. At the guilty plea hearing, Appellant admitted that,

*Former Justice specially assigned to the Superior Court.

on March 1, 2015, he was carrying a .22-caliber revolver without the appropriate license to do so. N.T. guilty plea, 5/28/15, at 4.

On August 26, 2015, Appellant proceeded to a sentencing hearing, at the conclusion of which Judge Geroulo sentenced Appellant to three years to seven years in prison. On August 28, 2015, Appellant filed a timely, counseled motion for reconsideration of his sentence in which he challenged the discretionary aspects of his sentence. The trial court denied the post-sentence motion, and Appellant filed a timely, counseled notice of appeal. All Pa.R.A.P. 1925 requirements have been met. On December 29, 2015, counsel filed an application to withdraw her representation, as well as a brief pursuant to **Anders** and **Santiago**.

"When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005). Before counsel is permitted to withdraw, he or she must meet certain mandates, which have been summarized as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa.Super. 1997). A proper **Anders** brief does not explain why the issues are frivolous and does not develop arguments against the appellant's interests. **Smith**, 700 A.2d at 1304. Rather, the brief articulates the issues in neutral form, cites relevant legal authorities, references appropriate portions in the record to aid

our review, and concludes that, after a thorough review of the record, the appeal is wholly frivolous. *Id.* at 1303–05.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). *See Smith*, 700 A.2d at 1303–05. By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

In *Commonwealth v. Nischan*, 928 A.2d 349[, 353] (Pa.Super. 2007), we similarly stated:

> Consequently, what counsel must do in an *Anders* brief is: (1) set forth in a neutral fashion the issues that the appellant wants to raise; (2) cite for this Court relevant legal authorities such as leading cases, statutes, and/or rules that deal with those issues; (3) make reference to the appropriate portions of the record so that this Court can locate the facts pertinent to the claims; and (4) aver that, after a thorough review of the record, the appeal is frivolous.

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.Super. 2007) (citations and quotations omitted).

In the instant case, our review of counsel's petition to withdraw, correspondence advising Appellant of his right to proceed *pro se* or with

privately-retained counsel,[1] and the **Anders** brief satisfies us that counsel has complied with all of the foregoing requirements. We, therefore, turn to the issues presented in counsel's **Anders** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Santiago**, **supra**.

Appellate counsel has presented two issues in her **Anders** brief, both of which challenge the discretionary aspects of Appellant's sentence. Specifically, she presents the following issues:

1. Whether the sentence imposed was inappropriately harsh and excessive and an abuse of discretion?

2. Whether the lower court failed to consider that the Appellant is a product of particular circumstances and conditions of environment, but that these matters were not fully and completely expressed at the time of sentencing?

**Anders** Brief at 4.

The claims presented raise a challenge to the discretionary aspects of Appellant's sentence, which must be considered a petition for permission to appeal. **Commonwealth v. McAfee**, 849 A.2d 270 (Pa.Super. 2004).

> To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

---

[1] Appellant has filed neither a *pro se* brief nor a privately-counseled brief.

J-S27034-16

sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa.Super. 2007) (citation omitted).

Here, Appellant filed a timely notice of appeal and adequately preserved his claims in his post-sentence motion. Moreover, the ***Anders*** brief includes a Rule 2119(f) statement. Additionally, assuming, *arguendo*, the claims presented raise a substantial question, thus permitting our review, we find the claims to be meritless.

At the sentencing hearing, the trial court acknowledged it reviewed the pre-sentence investigation report, reviewed additional records from the prison to understand fully Appellant's background, considered Appellant's rehabilitative needs, and indicated it was aware of the applicable sentencing guidelines. N.T. sentencing, 8/26/15, at 2, 12-13. Defense counsel informed the trial court that Appellant's "path" changed when he was shot at the young age of thirteen and, from that point forward, he became addicted to illegal substances. *Id.* at 2. Defense counsel advised the trial court that Appellant had been furloughed to Pyramid, where he completed the program, and he was participating in an intense outpatient program. *Id.* at 4. Moreover, defense counsel informed the trial court that Appellant had recently received his high school diploma, was employed, and was accepted into college. *Id.* at 3-4. Defense counsel indicated Appellant has "really

- 5 -

transformed from a kid into somebody who's ready to be an adult. Not just an adult, but a productive adult." ***Id.***

Furthermore, Appellant made a statement to the trial court, in which he apologized for his actions, informed the court he was abused as a child by his father, and advised the court he was ready to put his past criminal actions behind him. ***Id.*** at 5-6.

The trial court noted it considered Appellant's youthful age, past criminal history, and current criminal offense, including the fact that "but for the adult who was in charge of the house [where] he was staying at who gave permission for the search, [Appellant] probably would not have been found with that gun." ***Id.*** at 12. The trial court indicated that, after consideration of all information, it was imposing a sentence in the mitigated range. ***Id.*** at 13.

Furthermore, in explaining the reasons for the sentence, the trial court indicated in its Rule 1925(a) opinion, in relevant part, the following:

> Contrary to [Appellant's] assertions, [Appellant's] sentence here falls within the mitigated range of the sentencing guidelines and is not harsh, excessive or an abuse of discretion. The court did explain its reasons for the sentence, including that [Appellant] has a record going back to 2010 and has not been amenable to rehabilitation, [Appellant] had seven write-ups at the prison when serving his last sentence, and [Appellant] committed the crime here less than six months after being released from prison.
>
> ***
>
> [Appellant] also asserts that the court failed to take into consideration that he is a product of particular circumstances and an environment not fully expressed at the time of sentencing. . . .Th[e] court considered everything in

[Appellant's] pre-sentence investigative file. The court also ordered and reviewed records from the prison where [Appellant] had served his last sentence. The court considered all of this information and weighed it against the mitigating factors in sentencing [Appellant] in the mitigated range.

Trial Court Opinion, filed 11/5/15, at 3-4.

Inasmuch as the trial court had the benefit of a pre-sentence investigation report, fully and adequately set forth the reasons for its sentence, and fulfilled the requirements of 42 Pa.C.S.A. § 9721(b),[2] we conclude the trial court did not abuse its discretion in sentencing Appellant. **See Commonwealth v. Downing**, 990 A.2d 788, 792-93 (Pa.Super. 2010) ("Sentencing is vested in the discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion.") (citation omitted). We note that Appellant had the opportunity to express the fact he was "a product of [his] particular circumstances and conditions of [his] environment," **Anders** Brief at 4, and the trial court indicated it considered such factors in sentencing Appellant.

After an independent review of the appeal, we find Appellant's challenges to the discretionary aspects of his sentence to be frivolous, and we grant counsel's petition to withdraw.

---

[2] In fashioning a defendant's sentence, the court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Petition to Withdraw Granted.  Judgment of Sentence Affirmed.

Judge Dubow joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/6/2016